## STATE v. SOUTHARD.

### Opinion delivered February 16, 1895.

*Liquors—Sale in original package.*

> A distiller manufactured forty-five gallons of whiskey, which he put into a barrel, and placed upon it a government stamp for that number of gallons. Subsequently, he surrendered the stamp, and received nine five-gallon stamps in lieu thereof. Thereupon he divided the barrel into nine packages containing five gallons each, stamped them, and sold one of the packages. *Held*, that the package thus sold was an "original package," within Sand. & H. Dig., sec. 4851, authorizing the sale of liquors by the manufacturers in original packages of not less than five gallons without license.

Appeal from Independence Circuit Court.

JAMES W. BUTLER, Judge.

*James P. Clarke*, Attorney General, *Jos. M. Stayton* and *Charles T. Coleman* for appellant.

Cite Rev. St. U. S. secs. 3267, 3271, 3287, as amended, p. 433, Sup. vol. 1, 3321; Sand. & H. Dig. sec. 4851. An "original package" is that vessel, cask, barrel or keg into which the *whiskey is first placed* when drawn from the cistern of the distillery. There can only be *one* original package.

*Yancey & Fulkerson* for appellee.

The regulation of the manufacture and sale of liquor is peculiarly within the police power of the State, and sec. 4851, Sand. & H. Dig., is the only limitation as to distillers. The manufacturer may put his product

in such vessels or packages as he may deem best suits his trade, not *exceeding* five gallons. "Original package" has a well defined commercial or trade meaning. 27 Atl. 33. It means any package into which liquor is drawn by the manufacturer preparatory to its being offered to the trade.

BATTLE J. Appellee was indicted, in the Independence circuit court, for selling whiskey without license. He was tried and acquitted upon the following agreed statement of facts:

"The defendant is a distiller and manufacturer of whisky in Independence county, Arkansas. He manufactured in said county, at his distillery, forty-five gallons of whiskey, which, after being distilled, was received, in the usual course of manufacture, into a general vat or cistern of his distillery; from there it was drawn by the United States storekeeper into a forty-five gallon barrel and placed in the government warehouse. The defendant then paid the United States tax on the forty-five gallon barrel of whisky. A tax-paid stamp was placed on it by the government storekeeper, and it was delivered by him to the defendant, who, up to this time, had not, nor could he have, exercised any control over it. The barrel of whiskey was then conveyed to the wholesale warehouse of defendant, the tax paid stamp removed therefrom, and sent to the United States collector of the district, who returned to defendant in lieu thereof nine five-gallon wholesale government stamps. The defendant then, at his wholesale warehouse, divided the forty-five gallon barrel into nine packages, containing five gallons each, and placed on each one of the five-gallon wholesale stamps, and sold one of the five-gallon packages, stamped with the government wholesale stamp as aforesaid, to witness B. A. Ballard, in said county, within twelve months prior to the finding of the indictment herein."

His guilt or innocence of the crime of which he was accused depends on the meaning of so much of section 4851 of Sand. & H. Dig. as is in the following words: "Manufacturers of alcohol, vinous, ardent, malt or fermented liquors, can sell in original packages without license; provided further, such original packages shall not contain less than five gallons." There is no controversy as to the meaning of this language except as to the words "original packages."

The word "original" means "pertaining to the origin or beginning; initial; primal; first in order; preceding all others." "Package" means "a bundle or package; a quantity pressed or packed together." The two words are used in the statute in question to limit the quantity and manner in which the manufacturer can sell alcohol, vinous, ardent, malt or fermented liquors, of his own production, without license. Used in this connection, they mean the quantity as put up by the manufacturer for sale or shipment by himself, and for handling in the regular course of trade. In the absence of a limitation upon his power, he has the right to put up the goods of his own production, for sale or shipment, in such quantities as he sees fit. He had the right, under section 4851 of the Digest, to put up and sell in original packages of not less than five gallons without license.

In this case it appears that the appellee manufactured and put it up and sold it in five-gallon packages. In the agreed statement of facts there is evidence that he put it up in such manner to be sold by himself in the regular course of trade. There is no evidence that he put it up for sale in packages of any other size.

Judgment affirmed.